# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

ALAN DOERING,                                                                            PLAINTIFF
ADC #106115

v.                                  2:19CV00125-BSM-JTK

ASA HUTCHINSON, et al.                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

**I.      Introduction**

Plaintiff Alan Doering, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed in forma pauperis, pursuant to 28 U.S.C. § 1915 (Doc. No. 1). On October 7, 2019, this Court held in abeyance ruling on Plaintiff's Motion, pending receipt of an amended Complaint clarifying how this case differs from Doering v. Kelley, 2:19cv00045-JM-JJV. (Doc. No. 3)  Plaintiff has now

submitted an Amended Complaint. (Doc. No. 4)   Having reviewed such, the Court finds that his Motion to Proceed in forma pauperis should be denied.

## II.   Screening

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a).   Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff has had at least four complaints dismissed for failure to state a claim,[1] and is considered a "three-striker" within the meaning of the PLRA.   Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed.   Lewis v. Sullivan, 279 F.3d 526, 531 (7th

---

[1] See Doering v. Shue, 4:13cv00472-BSM; Doering v. Tate, 5:13cv00147-JLH; Doering v.Felts, 4:16cv00104-KGB; and Doering v. Wood, 5:16cv00165-BSM..

Cir. 2002). In the Eighth Circuit, the exception does not apply unless plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff alleged in his Complaint that he is in imminent danger of harm due to his continued confinement in restrictive housing, which this Court noted is similar to his allegations in Doering v. Kelley, 2:19cv00045-JM-JJV. In his Amended Complaint, he states that the present case differs from the prior complaint because he is challenging the constitutionality of the ADC policy which permits his long-term incarceration in restrictive housing. (Doc. No. 4, p. 6) However, the separate constitutionality argument does not fall within the imminent danger exception in this particular case, because the imminent danger issue is already being litigated in the other case. Therefore, the Court finds that Plaintiff's Motion to Proceed in forma pauperis in this case should be denied. Accordingly,

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Motion to Proceed in forma pauperis (Doc. No. 1) be DENIED.

2. Should Plaintiff wish to continue prosecuting this case, he be required to submit the statutory filing fee of $400 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, along with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3.      This case be DISMISSED without prejudice.

IT IS SO ORDERED this 22nd day of October, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE